IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TAY d/b/a DONTAVIOUS S. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV802 |
| | ) | |
| BARACK HUSSEIN OBAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis*. (Docket Entry 6.) After review of Plaintiff's Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), this Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied, and this action be dismissed as frivolous.[1]

I. BACKGROUND

In a 400-page Complaint, Plaintiff alleges that Defendants engaged in a scheme (known as "Tay Tay Terror Attack") "depriving [Plaintiff] of his human rights specifically pertaining to an illegal and fraudulent drug test." (Complaint ¶ 10, Docket Entry 1.) Plaintiff asserts over 130 counts in the Complaint, asserting a litany of state-law and federal claims. Plaintiff seeks numerous forms of relief including an apology from "RICO" defendants, declaratory relief mandating Defendant Microsoft, Inc. and the State of Florida fund a $3.6 million dollar renovation project at three Florida schools, compensatory

---

[1] Because the Court recommends dismissal of this action as frivolous, the court recommends that Plaintiff's motion entitled "Tay's Amended Motion for Preliminary Injunctive Relief" (Docket Entry 7) be denied as moot.

damages, punitive damages and much more. (Compl. at 383-399.)

II. STANDARD OF REVIEW

The Court is required to dismiss frivolous or malicious claims, and any complaint that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations

2

omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

III. DISCUSSION

Plaintiff is no stranger to the federal courts. *See Smith v. Fla.*, No. 6:12-cv-439-CEH-KRS, 2012 WL 3252719, at *4 (M.D. Fla. Aug. 7, 2012) (dismissing complaint and enjoining Plaintiff from filing future lawsuits arising from facts in previous related cases); *Smith v. Sch. Bd. of Brevard Cnty.*, No. 6:09-cv-2033-GAP-KRS, 2010 WL 1385866, at *3 (M.D. Fla. Apr. 1, 2010) (dismissing with prejudice as "utter nonsense"); *Smith v. Sch. Bd. of Brevard Cnty.*, No. 6:11-cv-731-GAP-KRS (M.D. Fla. May 25, 2011) (dismissing complaint with prejudice); *see also Smith v. Fla.*, No 6:12-cv-1385-ORL-22, 2012 WL 6645022, at *1 (M.D. Fla. Dec. 20, 2012) (dismissing complaint with prejudice and ordering clerk "not to accept any further pleadings, motions, or other documents from Plaintiff in this case.") In addition, Plaintiff also filed a similar action in the Eastern District of New York. *See Smith v. Dash*, No. 1:14-cv-4047-ARR-LB, 2014 WL 3695193, at *1 (E.D.N.Y. July 22, 2014). United States District Judge Allyne R. Ross dismissed the complaint as frivolous, and stated that "[t]he court will not allow plaintiff to circumvent the Middle [District of Florida's] filing injunction by allowing this complaint to proceed here." (*Id.* at *2.) Plaintiff has now filed in this Court

3

two separate actions[2] asserting an array of claims and violations that are again clearly frivolous and "lacks an arguable basis in law or fact." *Sternheimer*, 387 F. App'x at 368; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . .") Similarly to the last action filed, Plaintiff has shown no reason why his claims should proceed here. Moreover, Plaintiff fails to allege sufficient facts to state any plausible claim. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("[A] district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them.") (quotation and citation omitted). Plaintiff's allegations are either conclusory or completely nonsensical from which no cause of action can be reasonably construed. Thus, the Court recommends dismissal of this action for being frivolous and for failure to state a colorable claim for relief under 28 U.S.C. § 1915(e)(2)(B).

IV. CONCLUSION

For the reasons set herein, **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Docket Entry 6) be **DENIED**.

**FURTHERMORE, IT IS RECOMMENDED** that Plaintiff's motion (Docket Entry 7) entitled "Tay's Amended Motion for Preliminary Injunctive Relief" be **DENIED** as moot, and Plaintiff's complaint be **DISMISSED** for being frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

---

[2] Plaintiff has previously filed a Complaint in this district in which the undersigned recommended dismissal on grounds that the Complaint is frivolous. *See Tay v. United States Dep't of Educ.*, No. 1:14-cv-468, 2014 WL 4185075 (M.D.N.C. Aug. 21, 2014.)

_____
Joe L. Webster
United States Magistrate Judge

January 21st, 2015
Durham, North Carolina